UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

KEVIN SHEILS,

      Plaintiff,

v.

JOHN BUSSE, Sergeant; W. HATCH,
Corrections Officer; T. GRIFFIN,
Corrections Officer; and M. SEARS,
Corrections Officer

      Defendants,

No. 05-CV-399
(FJS/DRH)

---

**APPEARANCES:**

KEVIN SHEILS
Plaintiff Pro Se
99-A-5444
Southport Correctional Facility
Post Office Box 2000
Pine City, New York 14871

HON. ANDREW M. CUOMO
Attorney General for the
 State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**OF COUNSEL:**

STEVEN H. SCHWARTZ, ESQ.
Assistant Attorney General

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

Plaintiff pro se Kevin Sheils ("Sheils"), an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. §

---

[1]This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

1983 alleging that defendants, four DOCS employees, violated his constitutional rights under the First and Eighth Amendments. Docket No. 1. Presently pending are defendants' motions for summary judgment pursuant to Fed. R. Civ. P. 56. Docket Nos. 46, 58.[2] For the following reasons, it is recommended that defendants' motions be granted.

## I. Failure to Respond

Sheils did not oppose defendants' motions. "Summary judgment should not be entered by default against a pro se plaintiff who has not been given any notice that failure to respond will be deemed a default." Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996). In an order dated January 8, 2008, Sheils was notified that this was the "final extension of time to respond to defendants' motion [and that Sheils] shall submit his opposition papers no later than January 22, 2008. Docket No. 61. Additionally, defendants included a notification of the consequences of failing to file opposing papers that "the portions of [the] case as to which summary judgment [is] granted will [result in] dismiss[al] . ," in both motions served on Sheils. Docket Nos. 46 at 2, 58 at 2. Despite these notices, Sheils failed to respond.

"The fact that there has been no response to a summary judgment motion does not. . . mean that the motion is to be granted automatically." Champion, 76 F.3d at 436. Even in the absence of a response, defendants are entitled to summary judgment only if the material facts demonstrate their entitlement to judgment as a matter of law. Id.; Fed. R.

---

[2] Defendants have filed two motions because defendant Sears had not been served or appeared at the same time as the other defendants. Because the two motions are virtually identical, they are considered together herein. Citations to the docket will only be to Docket No. 46.

2

Civ. P. 56(c). Because Sheils has not responded to raise any question of material fact, the facts as set forth in defendants' Rule 7.1 Statement of Facts (Docket No. 46, Pt. 2) are accepted as true. Adirondack Cycle & Marine, Inc. v. American Honda Motor Co., No. 00-CV-1619, 2002 WL 449757, at *1 (N.D.N.Y. Mar. 18, 2002) (McAvoy, J.) (citing Lopez v. Reynolds, 998 F. Supp. 252, 256 (W.D.N.Y. 1997)).

## II. Background

The facts are presented in the light most favorable to Sheils as the non-moving party. See Ertman v. United States, 165 F.3d 204, 206 (2d Cir. 1999).

Sheils alleges that "upon arrival at Great Meadow Correctional Facility on August 5, 2004," he was assaulted by defendants while in mechanical restraints. Defs. Statement of Material Facts at ¶ 2. Additionally, Sheils claimed "that he was denied medical attention and treatment . . . ." Id. at ¶ 3. Sheils was returned to Upstate Correctional Facility on August 11, 2004. Id. at ¶ 4. The following day, he was issued a misbehavior report for "failing to comply with a direct order, failing to comply with frisk procedures, and violent conduct" occurring on August 5, 2004. Id. at ¶ 4, 10. At Sheils' subsequent disciplinary hearing, he was found guilty and sentenced to six months in the Special Housing Unit (SHU)[3] and six months loss of good time; however, on appeal the sentence was reduced to one month in SHU and three months loss of good time. Id. at ¶ 5

---

[3]SHUs exist in all maximum and certain medium security facilities. The units "consist of single-occupancy cells grouped so as to provide separation from the general population . . . ." N.Y. Comp. Codes R. & Regs. tit. 7, § 300.2(b) (2007). Inmates are confined in a SHU as discipline, pending resolution of misconduct charges, for administrative or security reasons, or in other circumstances as required. Id. at pt. 301.

3

"On January 11, 2005, [Sheils] filed a Claim with the New York Court of Claims . . . ." Id. at ¶ 1. Sheils contended that the aforementioned defendants assaulted him by "using unnecessary . . . and excessive force . . ." and "intentional[ly] interfere[d] . . . [and] denied needed medical treatment." Docket No. 46, Ex. G at ¶¶ 54, 56, 57. During the trial on March 21, 2007, Sheils "withdrew his claim for medical malpractice . . . ." Docket No. 46, Ex. H at 1 n.1. Thus, the only issue before the trial judge was the assault and battery claim.

Defendants "testified that they applied force to [Sheils] to subdue him after he refused to comply with a direct order to place his right hand on the wall in the . . . observation unit, where he was taken for a strip frisk." Defs. Statement of Material Facts at ¶ 7. While Sheils alleged that he was bloody, beaten to the point of unconsciousness, and stepped on, the trial "record indicate[d] that [Sheils] was examined [after the alleged assault] and found to have bruised or reddened areas on his forehead, left eyebrow, nose, right side of his lip, both elbows, and that he complained of pain in his shoulders and elbows." Docket No. 46, Ex. H at 2. Additionally, the record noted that Sheils' range of motion in his upper extremities was normal and subsequent x-rays and examinations of his mouth were negative and unremarkable. Id. at 2-3.

After hearing testimony from Sheils and defendants Griffin, Busse, and Hatch, the trial judge concluded that "[a]lthough the [medical] records reflect subjective complaints of pain, there [was] no evidence to substantiate the claim that excessive force was used." Id. at 7. Therefore, the Court concluded that due to "[t]he relatively minor nature of the injuries noted in [Sheils'] medical records . . . , excessive force was not used . . . [and] that [Sheils] failed to establish his case by a preponderance of credible evidence . . . ." The court dismissed the claim. Id. This action followed.

4

### III. Discussion

In his complaint here, Sheils alleges that his First Amendment rights were violated when defendants "retaliated against and assaulted [Sheils] for filing a 42 U.S.C. § 1983 complaint for an unrelated incident." Comp. at ¶ 2, 20-23. Additionally, Sheils alleges Eighth Amendment violations for deliberate indifference to a serious medical need and, liberally construing Sheils' complaint, failure to protect since "[e]ach defendant had the opportunity and duty to protect [Sheils] from the unlawful actions of the other defendants but each defendant failed and refused to perform such duty . . . ." Compl. at ¶ 2, 10. Defendants move for summary judgement claiming res judicata and collateral estoppel.

### A. Legal Standard

A motion for summary judgment may be granted if there is no genuine issue as to any material fact if supported by affidavits or other suitable evidence and the moving party is entitled to judgment as a matter of law. The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Facts are material if they may affect the outcome of the case as determined by substantive law. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party. Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing that there is a genuine issue for trial. The non-moving party must do more than merely show that there is some doubt or

5

speculation as to the true nature of the facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. Gallo v. Prudential Residential Servs. 22 F.3d 1219, 1223-24 (2d Cir. 1994); Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988).

When, as here, a party seeks summary judgment against a pro se litigant, a court must afford the non-movant special solicitude. Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006). However, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. Anderson, 477 U.S. at 247-48.

### B. Issue Preclusion

Under the Full Faith and Credit Clause of the United States Constitution, federal courts must grant state court judgments the same preclusive effects as those given to other courts within the state. Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994) (citing Migra v. Warren City Sch. Dist., 465 U.S. 75, 81 (1984)). "Once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." Allen v. McCurry, 449 U.S. 90, 94 (1980).

## I. Res Judicata

"A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen, 449 U.S. at 94 (applying res judicata to a 42 U.S.C. § 1983 action). Thus, to sustain a claim of res judicata, the defense must show that "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Monahan v. New York City Dep't of Corr., 214 F.3d 275, 285 (2d Cir. 2000) (citations omitted). In New York State, the analysis is governed by the transactional approach by which later claims are barred if they "aris[e] out of the same factual grouping as an earlier litigated claim even if the[y are] . . . based on different legal theories or seek[] dissimilar or additional relief." Id.

The bar of res judicata will not apply where the original forum is incapable of providing the relief requested by the plaintiff. Id.; Davidson v. Capuano, 792 F.2d 275, 278 (2d Cir. 1986). Even if res judicata is inapplicable to a § 1983 action because the state court forum was incapable of awarding the requested relief, it does not preclude the application of collateral estoppel. See Phifer v. City of New York, 289 F.3d 49, 56 (2d Cir. 2002).

As a threshold matter, it must be determined whether res judicata is an applicable defense. Here, Sheils seeks compensatory and punitive damages from defendants after losing his Court of Claims litigation. Compl. at ¶ 51, 54, 57. Although "the Court of Claims possesses limited jurisdiction . . . ," there is a cause of action provided "for the recovery . . . of damages resulting from injuries inflicted by an employee or officer of a state prison."

7

Wright v. McMann, 387 F.2d 519, 523 (2d Cir. 1967) (citing N.Y. CORRECT. LAW § 6-b[4])). Thus, because the state court was capable of providing Sheils with the monetary relief he seeks here, the claim may be barred by res judicata.

In this case, res judicata bars the current claims. It is clear that the previous state court action concluded with an adjudication on the merits. Docket No. 46, Ex. H. Additionally, even though the caption of the Court of Claims action named the State of New York as defendant and the body of the complaint referred generically to four corrections officers,[5] the claim pertained to the same individuals named in this case and the actions they took on August 5, 2004. Id.; Docket No. 46, Ex. G at ¶ 13. Lastly, the claims presently asserted in this action are identical to those asserted in the Court of Claims complaint.

In Sheils' Court of Claims complaint, he asserted two causes of action, the first that he was assaulted and the second that the Great Meadow staff were indifferent and denied him necessary medical treatment. Docket No. 46, Ex. G at ¶¶ 54, 56, 57. These violations stemmed from the August 5, 2004 use of force incident in which Sheils was allegedly "str[uck] . . ., puch[ed], kick[ed], chok[ed], [and] st[ood] on . . ." because he did not comply

---

[4] This statute was amended in 1962, renumbered and amended again in 1970, repealed in 1971, and subsequently encompassed within N.Y. CORRECT. LAW § 24(2) which provides:

> Any claim for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties of any officer or employee of the department shall be brought and maintained in the court of claims as a claim against the state.

[5] Specifically, Sheils identifies the recalcitrant officers as "(3) three [corrections] officers and (1) sergeant." Docket No. 46, Ex. G at ¶ 13. These are the same ranks as the defendants named in the present action.

8

with orders and strip frisk procedures. Id. at ¶ 13, 24-28. As a result of the use of force, Sheils claims to have suffered swelling, lacerations, bruises, a sore jaw, and missing teeth requiring surgery. Id. at ¶ 29. These are the same causes of action based on the same use of force incident and alleged injuries which Sheils has asserted in the present litigation. Compl. at ¶¶ 2, 18-19, 27-35, 38.[6] It makes no difference that these cases involve different legal theories or that Sheils chose to dismiss the medical malpractice claim at the state court level because both the state and federal complaints were based upon the same underlying events. Additionally, both complaints utilized identical or strikingly similar language when setting forth the causes of action. Therefore, the claims regarding excessive force and deliberate medical indifference have already been raised and litigated in the prior state court proceeding.

Furthermore, Sheils could have brought his retaliation claim in the Court of Claims, as the same language that was used to assert the federal claim was also contained in the state court complaint.[7] The same holds true for the liberally construed failure to protect claim. Both claims are based upon the same events that the state court proceedings

---

[6] Additionally, Sheils used the same language concerning the retaliation claim asserted in his federal complaint in the Court of Claims complaint; however, he did not assert any form of retaliation as a cause of action in the Court of Claims litigation. Docket No. 46, Ex. G at ¶ 15-16; Comp. at ¶ 21-22.

[7] Defendants fail specifically to address the retaliation claim in their brief; however, the retaliation claim must be dismissed because it is barred by res judicata and claims for retaliation based solely upon conclusory allegations are insufficient. Id. (citing Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir. 1983) (explaining that "claim[s] supported by specific and detailed factual allegations . . . ought usually be pursued with full discovery.")). There is no question that filing federal complaints is conduct protected by the First Amendment. However, Sheils has failed to allege or offer facts from which one could conclude that defendants' actions were motivated by Sheils' constitutionally protected activities. Thus, Sheils' contentions fail to state an actionable retaliation claim.

9

addressed and determined on the merits. Because Sheils had an adequate opportunity to assert and litigate both claims, res judicata precludes Sheils from asserting them again at the federal level.

Therefore, defendants' motion for summary judgment on this ground should be granted.

## II. Collateral Estoppel

Collateral estoppel is applicable

> if (1) there has been a final determination on the merits of the issue sought to be precluded; (2) the party against whom . . . preclusion is sought has a full and fair opportunity to contest the decision. . .; and (3) the issue sought to be precluded by the earlier suit is the same issue involved in the later action.

Davis v. Halpern, 813 F.2d 37, 39 (2d Cir. 1987) (citation omitted). The requirement of a full and fair opportunity to contest requires that the plaintiff "was fully able to raise the same factual or legal issues" in the prior litigation as asserted in the present case. LaFleur v. Whitman, 300 F.3d 256, 274 (2d Cir. 2002).

Here, defendants again contend that Sheils' claims are collaterally estopped by the judgment against Sheils in the Court of Claims proceeding. See Docket No. 46, Pt. 14. Other courts have held that the application of Court of Claims decisions is appropriate for collateral estoppel because "although the nature of a common law negligence claim is different than a federal civil rights claim, and although the Court of Claims action is brought against the State and not the individual officers, there is a clear identity of issue between them warranting application of collateral estoppel." Shell v. Brun, 362 F. Supp. 2d. 398, 401 (W.D.N.Y. 2005); see also D'Andera v. Hulton, 81 F. Supp. 2d. 440, 446 (allowing collateral estoppel to preclude a federal civil rights case based upon issues decided during the prior

10

Court of Claims trial because they "are dispositive of the issues to be determined in [the federal] action . . . ."); Cox v. Colgane, No. 94-CV-6361 (DAB), 1998 WL 148424, at *5 (S.D.N.Y. Mar. 27, 1998) (permitting collateral estoppel to bar relitigation of a corrections officer in § 1983 claim based on prior negligence findings in the Court of Claims); Wright v. Coughlin, No. 85-CV-624 (LBS), 1987 WL 19633, at *2 (S.D.N.Y. Nov. 5, 1987) (holding collateral estoppel applicable to the federal action because the Court of Claims determinations were dispositive of subsequent claims in federal court).

Thus, it is clear that there was a final determination on the merits and the issues in contention between the parties in the prior Court of Claims decision and the case at hand are identical. Therefore, defendants' motion for summary judgment should be granted on this ground as well.

### IV. Defendants' Prior Motion for Partial Summary Judgment

It appears from the docket that on September 6, 2006, defendants movef for partial summary judgment as to Sheils' deliberate indifference claim. Docket No. 28. Response to that motion was stayed pending completion of discovery and the resolution of other issues. Docket Nos. 31, 51. It does not appear, however, the the motion was ever finally resolved and it appears that the motion remains pending. In light of defendants' subsequent motions for summary judgment which incorporated their prior motion for partial summary judgment, the prior motion is moot and should be djmissed.

## V. Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that:

1. Defendants' motions for summary judgment (Docket Nos. 46, 58) be **GRANTED** and that judgment be entered for all defendants on all claims; and

2. Defendants' motion for partial summary judgment (Docket No. 28) should be **DISMISSED** as moot.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: January 28, 2008
        Albany, New York

_David R. Homer_
United States Magistrate Judge