UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KEVIN SHEILS,

                                      Plaintiff,

                    v.                                              9:05-CV-399
                                                                       (FJS/DRH)
JOHN BUSSE, Sergeant; W. HATCH,
Corrections Officer; T. GRIFFIN, Corrections
Officer; and M. SEARS, Corrections Officer,

                                      Defendants.
_____

**APPEARANCES**                                         **OF COUNSEL**

**KEVIN SHEILS**
**99-A-5444**
Southport Correctional Facility
Post Office Box 2000
Pine City, New York 14871
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**                **STEVEN H. SCHWARTZ, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224-0341
Attorneys for Defendants

**SCULLIN, Senior Judge**

### ORDER

       In a Report-Recommendation and Order dated January 28, 2008, Magistrate Judge Homer recommended that the Court grant Defendants' motions for summary judgment on the ground that the doctrines of *res judicata* and *collateral estoppel* barred Plaintiff from asserting these

claims.  *See* Dkt. No. 63.  Plaintiff objects to this recommendation.  *See* Dkt. No. 64.[1]

As Magistrate Judge Homer noted in his Report-Recommendation and Order, Plaintiff filed a claim in the New York Court of Claims, contending that Defendants assaulted him by "'using unnecessary . . . and excessive force . . .' and 'intentional[ly] interfere[d] . . . [and] denied needed medical treatment.'"  *See* Dkt. No. 63 at 4 (quoting Docket No. 46, Ex. G at ¶¶ 54, 56, 57).  Furthermore, "[d]uring the trial on March 21, 2007, [Plaintiff] 'withdrew his claim for medical malpractice . . . .'  Docket No. 46, Exh. H at 1 n.1.  Thus, the only issue before the trial judge was the assault and battery claim."  *See id.*

Magistrate Judge Homer concluded that the doctrine of *res judicata* barred Plaintiff from relitigating his excessive force and deliberate medical indifference claims in this action because "the previous state court action concluded with an adjudication on the merits," "the claim pertained to the same individuals named in this case and the actions they took on August 5, 2004," and "the claims presently asserted in this action are identical to those asserted in the Court of Claims complaint."  *See id.* at 8 (citations omitted).  Furthermore, Magistrate Judge Homer held that, because Plaintiff "had an adequate opportunity to assert and litigate" his retaliation claim and his "liberally construed" failure to protect claim, "res judicata precludes [Plaintiff] from asserting them again at the federal level."  *See id.* at 10.

To the extent that Plaintiff asserts his claims against Defendants in their official

---

[1] The Court notes that, in his objections, Plaintiff spends a great deal of time rebutting Magistrate Judge Homer's conclusion that he did not respond to Defendants' motions for summary judgment.  Plaintiff contends that he tried to mail his response to these motions several times but that certain Corrections Officers refused to accept his papers for mailing.  The Court received Plaintiff's response to Defendants' motions on January 23, 2008, *see* Dkt. No. 62, and has considered his arguments, as well as his objections, in rendering this decision,

capacities, the Court agrees with Magistrate Judge Homer that the doctrine of *res judicata* bars Plaintiff from asserting these claims in this action. However, the Court disagrees with Magistrate Judge Homer that the doctrine of *res judicata* bars Plaintiff from asserting these claims against Defendants in their individual capacities.

Pursuant to New York's transactional approach to the doctrine of *res judicata*, "a later claim arising from the same nucleus of facts as a previously adjudicated claim is not barred if the initial forum lacked the power to grant the full measure of relief sought in the later litigation." *Pack v. Artuz*, 348 F. Supp. 2d 63, 69 (S.D.N.Y. 2004) (citations omitted). Furthermore, "*res judicata* does not apply where 'formal jurisdictional or statutory barriers' previously prevented the plaintiff from 'presenting to a court in one action the entire claim including any theories of recovery or demands for relief that might have been available to him under applicable law.'" *Id.* (quotation omitted).

"[T]he Court of Claims has jurisdiction over tort claims brought against the State and over damages claims brought against state employees in their official capacities, . . ., but not over claims brought against state officials in their individual capacities. . . ." *Id.* (internal citations omitted). Thus, "the Court of Claims does not have the power to grant the 'full measure of relief' sought in cases, . . ., where the plaintiff seeks to recover against state officials in their individual capacities." *Id.* (citation omitted). Therefore, courts in this Circuit "'have held that a later suit asserting claims against individuals is not barred by *res judicata*' where the same claims were, or could have been, litigated in the Court of Claims against either the State or state employees in their official capacities." *Id.* (citations omitted). Accordingly, the Court concludes that, because Plaintiff is suing Defendants for damages in their individual capacities, Defendants may not

invoke the doctrine of *res judicata* to preclude his claims against them.

Magistrate Judge Homer also concluded that the doctrine of *collateral estoppel* barred Plaintiff's claims because the record showed that "there was a final determination on the merits and the issues in contention between the parties in the prior Court of Claims decision and the [present] case . . . are identical." *See* Dkt. No. 63 at 11.

Pursuant to New York law, "the doctrine of collateral estoppel 'precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against the party or those in privity, whether or not the tribunals or causes of action are the same.'" *Shell v. Brun*, 362 F. Supp. 2d 398, 400 (W.D.N.Y. 2005) (quotation omitted). Moreover, "the parties in the two proceedings need not be identical in order for collateral estoppel to apply." *Pack*, 348 F. Supp. 2d at 70. "Rather, the doctrine may be invoked by 'a nonparty to the prior litigation . . . [whose] own rights or obligations in the subsequent proceeding are conditioned in one way or another on, or [are] derivative of, the rights of the party to the prior litigation.'" *Id.* (quotation and other citation omitted).

"It is well-settled that collateral estoppel may bar a plaintiff from bringing an action in federal court pursuant to 42 U.S.C. § 1983." *Shell*, 362 F. Supp. 2d at 400 (citation omitted). However, "[t]here are two requirements for the application of collateral estoppel to an issue: (1) there must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and (2) there must have been a full and fair opportunity to contest the decision now said to be controlling.'" *Id.* (quotation and other citation omitted).

As stated, the only claim that the Court of Claims considered was the assault and battery claim. The Court agrees with Magistrate Judge Homer that this claim is identical to Plaintiff's

claim in this action that Defendants assaulted him; and, therefore, the doctrine of *collateral estoppel* bars Plaintiff from relitigating that claim in this action. However, because the Court of Claims did not render a decision with regard to Plaintiff's retaliation claim, his failure to protect claim, or his medical indifference claim, the doctrine of *collateral estoppel* does not bar him from litigating those claims in this action.

Accordingly, for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Homer's January 28, 2008 Report-Recommendation and Order is **ADOPTED IN PART AND REJECTED IN PART**; and the Court further

**ORDERS** that Defendants' motions for summary judgment with respect to Plaintiff's Eighth Amendment excessive force claims are **GRANTED**; and the Court further

**ORDERS** that Defendants' motions for summary judgment with respect to Plaintiff's retaliation, failure to protect and medical indifference claims are **DENIED**; and the Court further

**ORDERS** that Defendants' motion for partial summary judgment is **DENIED AS MOOT**; and the Court further

**ORDERS** that this matter is referred to Magistrate Judge Homer for all further pretrial matters.

**IT IS SO ORDERED.**

Dated: March 31, 2008
       Syracuse, New York

                                              Frederick J. Scullin, Jr.
                                              Senior United States District Court Judge