UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

KEVIN SHEILS,

                                        Plaintiff,

                                                              9:05-CV-0399
v.                                                            (GTS/DRH)

JOHN BUSSE, Sergeant; W. HATCH,
Corrections Officer; T. GRIFFIN, Corrections
Officer; and M. SEARS, Corrections Officer,

                                        Defendants.

_____

APPEARANCES:                                         OF COUNSEL:

KEVIN SHEILS, 99-A-5444
   Plaintiff *Pro Se*
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902

HON. ANDREW M. CUOMO                          STEVEN H. SCHWARTZ, ESQ.
   Attorney General for the State of New York    Assistant Attorney General
Counsel for Defendants
The Capitol
Albany, New York 12224

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

        Currently before the Court in this *pro se* prisoner civil rights action are (1) Defendants'

third motion for summary judgment (Dkt. No. 67), (2) United States Magistrate Judge David R.

Homer's Report-Recommendation that Defendants' motion be granted (Dkt. No. 83), and (3)

Plaintiff's Objection to the Report-Recommendation (Dkt. No. 8.)  For the reasons set forth

below, the Report-Recommendation is accepted and Defendants' motion is granted.

## I.      BACKGROUND

On June 22, 2006, Plaintiff filed his Complaint in this action asserting claims against five

employees of the New York State Department of Correctional Services stationed at Great

Meadow Correctional Facility ("Defendants"), arising out of certain incidents that occurred on

August 6, 2004.[1]  (Dkt. No. 1.)  Generally, in his Complaint, Plaintiff alleges that his rights

under the First and Eighth Amendments were violated when Defendants used excessive force

against him, retaliated against him for engaging in constitutionally protected activity, failed to

protect him from assault, and demonstrated deliberate indifference to his serious medical needs.

On September 6, 2006, Defendants filed a motion for partial summary judgment, seeking

dismissal of Plaintiff's claim of deliberate indifference to his serious medical needs.  (Dkt. No.

28.)  On July 31, 2007, Defendants filed a second motion for summary judgment, seeking

dismissal of Plaintiff's Complaint in its entirety, based on res judicata and/or collateral estoppel.

(Dkt. No. 46.)[2]  On January 23, 2008, Plaintiff filed his opposition to Defendants' motions.  (Dkt.

No. 62.)  On January 28, 2008, Magistrate Judge Homer filed a Report-Recommendation,

recommending that Defendants' motions be granted.  (Dkt. No. 62.)  On February 11, 2008,

Plaintiff filed his Objection to the Report-Recommendation.  (Dkt. No. 64.)  On March 31, 2008,

Senior United States District Judge Frederick J. Scullin, Jr., issued a Memorandum Decision and

Order adopting the Report-Recommendation in part.  (Dkt. No. 65.)  Specifically, Judge Scullin

dismissed Plaintiff's excessive force claim, but did not dismiss Plaintiff's remaining claims of

retaliation, failure to protect, and deliberate indifference to medical needs.  (Dkt. No. 65.)

---

[1]      Upon Plaintiff's request, Defendant C. VanTassel, a Nurse at Great Meadow
Correctional Facility, was terminated from this action by Order of Judge Scullin, on April 16,
2007.  (Dkt. No. 38.)

[2]      On December 5, 2007, the newly served Defendant Sears joined in Defendants'
motions.  (Dkt. No. 58.)

On July 2, 2008, Defendants filed (with the Court's permission) a third motion for

summary judgment, seeking dismissal of all remaining claims against them because Plaintiff (1)

failed to exhaust his available administrative remedies before filing this action, and (2) failed to

adduce admissible record evidence establishing any of his claims against Defendants.  (Dkt. No.

67.)  On February 13, 2009, after being granted several deadline extensions by the Court,

Plaintiff filed his opposition to Defendants' third motion for summary judgment.  (Dkt. No. 80.)

On February 27, 2009, Magistrate Judge Homer issued a Report-Recommendation

recommending that Defendants' third motion for summary judgment be granted in its entirety.

(Dkt. No. 83.)  On March 31, 2009, Plaintiff submitted his Objection to the Report-

Recommendation.  (Dkt. No. 87.)  Familiarity with the grounds of Magistrate Judge Homer's

Report-Recommendation is assumed in this Decision and Order.

## II.    APPLICABLE LEGAL STANDARDS

### A.    Standard of Review on Objection from Report-Recommendation

When specific objections are made to a magistrate judge's report-recommendation, the

Court makes a "de novo determination of those portions of the report or specified proposed

findings or recommendations to which objection is made."  *See* 28 U.S.C. § 636(b)(1)(C).[3]

---

[3]    On *de novo* review, "[t]he judge may . . . receive further evidence . . . ."  28
U.S.C. § 636(b)(1)(C).  However, a district court will ordinarily refuse to consider arguments,
case law and/or evidentiary material that could have been, but was not, presented to the
Magistrate Judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132,
1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has
no right to present further testimony when it offers no justification for not offering the testimony
at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am.
World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court
did not abuse its discretion in denying plaintiff's request to present additional testimony where
plaintiff "offered no justification for not offering the testimony at the hearing before the
magistrate").

When only general objections are made to a magistrate judge's report-recommendation, the Court

reviews the report-recommendation for clear error or manifest injustice.  *See Brown v. Peters*,

95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases],

aff'd without opinion, 175 F.3d 1007 (2d Cir. 1999).[4]  Similarly, when a party makes no

objection to a portion of a report-recommendation, the Court reviews that portion for clear error

or manifest injustice.  *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y.

July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed.R.Civ.P. 72(b), Advisory Committee

Notes: 1983 Addition [citations omitted].  After conducing the appropriate review, the Court

may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B.      Standard Governing Motion for Summary Judgment

Under Fed. R. Civ. P. 56, summary judgment is warranted if "the pleadings, the

discovery and disclosure materials on file, and any affidavits show that there is no genuine issue

as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Fed. R. Civ. P. 56(c).  In determining whether a genuine issue of material fact exists, the Court

must resolve all ambiguities and draw all reasonable inferences against the moving party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  In addition, "[the moving party]

bears the initial responsibility of informing the district court of the basis for its motion, and

identifying those portions of the . . . [record] which it believes demonstrate[s] the absence of any

genuine issue of material fact."  *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986).  However,

---

[4]      *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y.
Dec.12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not]
redress the constitutional violations [experienced by petitioner] . . . is a general plea that the
Report not be adopted ... [and] cannot be treated as an objection within the meaning of 28 U.S.C.
§ 636."), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

when the moving party has met this initial responsibility, the nonmoving party must come

forward with "specific facts showing a genuine issue [of material fact] for trial."  Fed. R. Civ. P.

56(e)(2).

A dispute of fact is "genuine" if "the [record] evidence is such that a reasonable jury

could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.  As a result,

"[c]onclusory allegations, conjecture and speculation . . . are insufficient to create a genuine

issue of fact." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998) [citation omitted]; *see*

*also* Fed. R. Civ. P. 56(e)(2).  As the Supreme Court has famously explained, "[The nonmoving

party] must do more than simply show that there is some metaphysical doubt as to the material

facts." [citations omitted].  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S.

574, 585-86 (1986).

As for the materiality requirement, a dispute of fact is "material" if it "might affect the

outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248.  "Factual disputes that

are irrelevant or unnecessary will not be counted."  *Id*. [citation omitted].

Implied in the above-stated burden-shifting standard is the fact that, where a nonmoving

party fails to adequately respond to a motion for summary judgment, a district court has no duty

to perform an independent review of the record to find proof of a factual dispute–even if that

nonmoving party is proceeding *pro se*.[5]  (This is because the Court extends special solicitude to

_____

   [5]     *Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470 (2d Cir. 2002) [citations
omitted]; *accord*, *Lee v. Alfonso*, No. 04-1921, 2004 U.S. App. LEXIS 21432 (2d Cir. Oct. 14,
2004), *aff'g*, 97-CV-1741, 2004 U.S. Dist. LEXIS 20746, at *12-13 (N.D.N.Y. Feb. 10, 2004)
(Scullin, J.) (granting motion for summary judgment); *Fox v. Amtrak*, 04-CV-1144, 2006 U.S.
Dist. LEXIS 9147, at *1-4 (N.D.N.Y. Feb. 16, 2006) (McAvoy, J.) (granting motion for
summary judgment); *Govan v. Campbell*, 289 F. Supp.2d 289, 295 (N.D.N.Y. 2003) (Sharpe,
M.J.) (granting motion for summary judgment); *Prestopnik v. Whelan*, 253 F. Supp.2d 369, 371-
372 (N.D.N.Y. 2003) (Hurd, J.).

the *pro se* litigant, in part by ensuring that he or she has received notice of the consequences of

failing to properly respond to the motion for summary judgment.)[6]  As has often been recognized

by both the Supreme Court and Second Circuit, even *pro se* litigants must obey a district court's

procedural rules.[7]  For this reason, this Court has often enforced Local Rule 7.1(a)(3) by

---

[6]        *Krug v. County of Rennselaer*, 04-CV-0640, 2006 WL 2669122, at \*3 (N.D.N.Y.
Sept. 18, 2006) (McAvoy, J.) ("When dealing with a *pro se* party, certain procedural rules apply
so as to insure that the *pro se* litigant in not disadvantaged by the lack of legal training.  In this
regard, the Local Rules require that [a *pro se* party be informed of the consequences of failing to
respond to a motion for summary judgment, before those consequences may be imposed]."); *see
also Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996) ("This Court has also held that
summary judgment should not be entered by default against a *pro se* plaintiff who has not been
given any notice that failure to respond will be deemed a default.") [citations omitted]; *see also*
Jessica Case, "*Pro Se* Litigants at the Summary Judgment Stage: Is Ignorance of the Law an
Excuse?" 90 Ky. L.J. 701, 704, n.24 (Spring 2001) ("The Second, Fourth, Seventh, Tenth,
Eleventh, and D.C. Circuit Courts of Appeals mandate that notice of summary judgment
requirements be given to *pro se* litigants. . . .  The Ninth Circuit requires notice of summary
judgment requirements for *pro se* prisoner litigants only.") [citations omitted].

[7]        *See McNeil v. U.S.,* 508 U.S. 106, 113 (1993) ("While we have insisted that the
pleadings prepared by prisoners who do not have access to counsel be liberally construed . . .  we
have never suggested that procedural rules in ordinary civil litigation should be interpreted so as
to excuse mistakes by those who proceed without counsel."); *McKaskle v. Wiggins*, 465 U.S.
168, 184 (1984) ("Nor does the Constitution require judges to take over chores for a *pro se*
[litigant] that would normally be attended to by trained counsel as a matter of course.");
*Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980) ("[I]in the long run, experience teaches that
strict adherence to the procedural requirements specified by the legislature is the best guarantee
of evenhanded administration of the law [even when that strict adherence inures to the detriment
of a *pro se* litigant]."); *Faretta v. California*, 422 U.S. 806, 834, n.46 (1975) ("The right of self-
representation is not a license . . .  not to comply with relevant rules of procedural and
substantive law."); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006)
("[P]ro se* status does not exempt a party from compliance with relevant rules of procedural and
substantive law.") [citation omitted]; *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir.
1995) ("Although *pro se* litigants should be afforded latitude, . . . they generally are required to
inform themselves regarding procedural rules and to comply with them . . . .  This is especially
true in civil litigation.") [internal quotation marks and citations omitted]; *Edwards v. I.N.S.*, 69
F.3d 5, 8 (2d Cir. 1995) ("[W]hile a *pro se* litigant's pleadings must be construed liberally, . . .
*pro se* litigants generally are required to inform themselves regarding procedural rules and to
comply with them.") [citations omitted]; *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) ("[T]he
right [to benefit from reasonable allowances as a *pro se* litigant] does not exempt [the *pro se*]
party from compliance with relevant rules of procedural and substantive law.") [internal
quotation marks and citations omitted].

deeming facts set forth in a moving party's statement to have been admitted where the

nonmoving party has failed to properly respond to that statement[8]–even where the nonmoving

party was proceeding *pro se* in a civil rights case.[9]

## III.   ANALYSIS

After carefully reviewing all of the papers in this action, including Magistrate Judge

Homer's Report-Recommendation, and Plaintiff's Objection thereto, the Court rejects each of

Plaintiff's objections, and agrees with each of the conclusions stated in the Report-

Recommendation.  (*See* Dkt. No. 83.)  Magistrate Judge Homer employed the proper legal

---

[8]        Among other things, Local Rule 7.1(a)(3) requires that the nonmoving party file a response to the moving party's Statement of Material Facts, which admits or denies each of the moving party's factual assertions in matching numbered paragraphs, and supports any denials with a specific citation to the record where the factual issue arises.  N.D.N.Y. L. R. 7.1(a)(3).

[9]        *See*, *e.g.*, *Hassig v. N.Y.S. Dep't of Environmental Conservation*, 01-CV-0284, Decision and Order, at 7 (N.D.N.Y. filed March 4, 2004) (McAvoy, J.), *aff'd*, No. 04-1773, 2005 WL 290210 (2d Cir. Feb. 2, 2005); *Lee*, 2004 U.S. Dist. LEXIS 20746, at *12-13, 15, *aff'd*, No. 04-1921, 2004 U.S. App. LEXIS 21432; *Harvey v. Morabito,* 99-CV-1913, 2003 WL 21402561, at *1, 3-4 (N.D.N.Y. June 17, 2003) (Sharpe, M.J.), *adopted by* 99-CV-1913, Order, at 2-3 (N.D.N.Y. filed Jan. 15, 2004) (Munson, J.), *aff'd*, No. 04-1008, 115 F. App'x 521 (2d Cir. Dec. 23, 2004); *Krug*, 2006 WL 2669122, at *2-3; *Fox*, 2006 U.S. Dist. LEXIS 9147, at *2-3; *Singleton v. Caron*, 03-CV-0455, 2005 WL 2179402, at *3-4 (N.D.N.Y. Sept. 5, 2005) (Peebles, M.J.), *adopted by* 03-CV-0455*,* 2006 WL 2023000, at *3 (N.D.N.Y. July 18, 2006) (Sharpe, J.); *Govan*, 289 F. Supp.2d at 295; *Butler v. Weissman*, 00-CV-1240, 2002 WL 31309347, at *3 (N.D.N.Y. June 20, 2002) (Sharpe, M.J.), *adopted by* 00-CV-1240, Decision and Order, at 1-2 (N.D.N.Y. filed July 22, 2002) (Kahn, J.); *DeMar v. Car-Freshner Corp.*, 49 F. Supp.2d 84, 86 & n.1 (N.D.N.Y. 1999) (McAvoy, C.J.); *Costello v. Norton*, 96-CV-1634, 1998 WL 743710, at *1, n.2 (N.D.N.Y. Oct. 21, 1998) (McAvoy, C.J.); *Squair v. O'Brien & Gere Eng'rs, Inc.*, 96-CV-1812, 1998 WL 566773, at *1, n.2 (N.D.N.Y. Aug. 21, 1998) (Scullin, J.); *see also Monahan v. N.Y. City Dep't of Corr.*, 214 F.3d 275, 292 (2d Cir. 2000) (discussing, in *pro se* civil rights case, district courts' discretion to adopt local rules like 7.1[a][3] "to carry out the conduct of its business").

standards, accurately recited the undisputed material facts,[10] and reasonably applied the law to

those facts.  (*Id*.)  As a result, the Court accepts and adopts the Report-Recommendation for the

reasons stated therein.  The Court would add only four observations.

First, in his Objection to the Report-Recommendation, Plaintiff argues, *inter alia*, that

Magistrate Judge Homer took approximately "five months" to review Plaintiff's papers in

opposition to Defendants' first and second motions for summary judgment (which the Clerk filed

on January 23, 2008), but took only two weeks to review Plaintiff's papers in opposition to

Defendants' third motion for summary judgment.  (Dkt. No. 87, at 3-4.)  Plaintiff's obvious

implication is that Magistrate Judge Homer issued his most recent Report-Recommendation

without properly considering Plaintiff's opposition papers.  As an initial matter, Plaintiff is

mistaken that Magistrate Judge Homer took approximately "five months" to review Plaintiff's

papers in opposition to Defendants' first and second motions for summary judgment; to the

contrary, Magistrate Judge Homer took approximately five *days* to do so.  (*Compare* Dkt. No. 62

*with* Dkt. No. 63.)  In any event, Plaintiff can hardly be heard to complain about the celerity with

which the wheels of justice sometimes turn.  The Court notes that Plaintiff points to no page, in

the approximately three hundred fourteen (314) pages that constitute his papers in opposition to

---

[10]     The Court notes three minor factual corrections.  First, the nurse who examined
Plaintiff (after his exchange with Defendants Griffin, Busse and Hatch) was Nurse Tannes, not
Nurse Vanrassel.  Second, Judge Collins's decision in the Court of Claims proceeding has been
appealed by Plaintiff to the Appellate Division because (according to Plaintiff) the decision was
rendered without the benefit of color photographs, which most accurately reflect Plaintiff's
injuries.  Third, Magistrate Judge Homer found that Plaintiff's claim that the strip-frisk
procedure was unconstitutional and improperly executed was untimely because Plaintiff
presented the argument for the first time in his memorandum of law.  It appears that Plaintiff did
in fact present this claim, albeit barely, in his Complaint.  (Dkt. No. 1, at ¶¶ 26-30.)  In any
event, Magistrate Judge Homer also addressed the merits of this claim, and concluded that,
"even when viewed in the light most favorable to [Plaintiff], [D]efendants' execution of the
strip-frisk appears consistent with DOCS procedures and displayed no evidence of any motive to
deprive [Plaintiff] of his rights."  (Dkt. No. 83, at 16 n.10.)

Defendants' third motion for summary judgment, that cure any of the evidentiary deficiencies

identified by Magistrate Judge Homer in his Report-Recommendation.[11]

Second, in his Objection to the Report-Recommendation, Plaintiff argues, *inter alia*, that

the seven grievances that he filed in or around the use of force incident "are clearly compa[tible]

with failure to properly treat, failure to protect and retaliation" despite the fact that these

grievances never specifically mention Plaintiff's First and Eighth Amendment claims.  (Dkt. No.

87, at 7-8.)  As a result, Plaintiff argues that these grievances sufficiently satisfy his exhaustion

requirement with regard to his claims alleging retaliation, failure to protect and deliberate

indifference to medical needs.  (*Id*. at 8-9.)  The Court does not agree with Plaintiff, for the

reasons stated by Magistrate Judge Homer in his Report-Recommendation.  In addition, even if

Plaintiff had properly exhausted his claims, he is not able to succeed on the merits of those

claims, for the reasons stated by Magistrate Judge Homer.

Third, in his Objection to the Report-Recommendation, Plaintiff argues, *inter alia*, that

his Eighth Amendment rights were violated because (1) the Defendants who transferred him

"from one CNYPC OBS unit to [their] six-man CNYPC OBS Unit" did not know why Plaintiff

was being transferred, and (2) "none of the Defendants had any prior training to recognize those

with mental disorders."  (*Id*. at 15.)  The Court disagrees.  As Magistrate Judge Homer properly

found, to succeed on an Eighth Amendment claim for denial of medical care, a prisoner must

---

[11]       More specifically, none of the pages that Plaintiff submitted in his opposition to
Defendants' third motion for summary judgment response contain admissible evidence that (1)
excuse Plaintiff's failure to comply with the known grievance procedural requirements, (2)
demonstrate that the treatment that Plaintiff received subsequent to his exchange with
Defendants was inadequate, (3) demonstrate that Defendants were aware of Plaintiff's prior
lawsuit, (4) undermines the Court of Claims' determination that the use-of-force was reasonable
and justified, (5) demonstrate that Plaintiff was incarcerated under any condition posing a
substantial risk of harm, or (6) demonstrate that Defendants knew or should have known that
Plaintiff had been threatened with identifiable harm.  (*See generally* Dkt. No. 80.)

allege and prove deliberate indifference to a serious medical need.  *Wilson v. Seiter*, 501 U.S.

294, 297 (1991).  With regard to Plaintiff's first argument (i.e., his argument that the Defendants

who transferred him "from one CNYPC OBS unit to [their] six-man CNYPC OBS Unit" did not

know why Plaintiff was being transferred), it should be noted that none of the Defendants who

transferred Plaintiff were medical care providers.[12]  In any event, as Magistrate Judge Homer

concluded, the care provided to Plaintiff was adequate and appropriate given the minor injuries

that he sustained.  With regard to Plaintiff's second argument (i.e., his argument "none of the

Defendants had any prior training to recognize those with mental disorders"), that argument is

unsupported by the admissible record evidence.  Again, the care provided was adequate.

Finally, in his Objection to the Report-Recommendation, Plaintiff argues, *inter alia*, that

a party may make out an excessive force claim despite suffering only minor injuries, when that

party suffers emotional harm.  (Dkt. No. 87, at 16-17.)  The Court agrees with Plaintiff that, in

certain circumstances, it might be possible for a party to make out an excessive force claim

despite suffering only minor injuries.[13]  However, setting aside the question whether those

---

[12]      Plaintiff implicitly argues that Defendants were deliberately indifferent because
they were unaware of his mental health issues, and did not prevent him from banging his head
during the transfer.  If Defendants were unaware of Plaintiff's condition, they could not have
been deliberately indifferent to it, because the "deliberate indifference" standard requires
knowledge or notice.  *See Johnson v. Wright*, 412 F.3d 398, 403 (2d Cir. 2005) (one of the two
necessary requirements "to prevail on [] a 'deliberate indifference' claim, . . . [is that] the
prisoner . . . prove that the charged official . . . knows of and disregards an excessive risk to
inmate health or safety; the official must both be aware of facts from which the inference could
be drawn that a substantial risk of serious harm exists, and he must also draw the inference.")
(internal quotation marks and citations omitted).  In addition, the Court notes that Defendants
were attempting to escort Plaintiff to a mental health facility when he was banging his head, and
this fact alone shows that, even if Defendants were aware of Plaintiff's mental health issues,
Defendants were not deliberately indifferent to those mental health issues.

[13]      *See Griffin v. Crippen*, 193 F.3d 89, 92 (2d Cir. 1999) ("[A]ppellant need not
prove 'significant injury' to make out an excessive force claim and, thus, the fact that he suffered
only minor injuries does not warrant dismissal.  Although *de minimis* uses of force generally do
not suffice to state a constitutional claim, determining as a matter of law here that appellant's
injuries were *de minimis* was error.").

circumstances are present here based on the current record, Plaintiff's excessive force claim has

already been dismissed.  Moreover, in the context of his medical treatment claim, an argument

that a party may make out an excessive force claim despite suffering only minor injuries is of no

avail.  This is because such an argument does not address either prong of the legal standard

governing claims of deliberate indifference to a serious medical need.

For all of these reasons, as well as for the reasons set forth in Magistrate Judge Homer's

Report-Recommendation, the Court grants Defendants' motion for summary judgment.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Homer's Report-Recommendation (Dkt. No. 83) is

**ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' third motion for summary judgment (Dkt. No. 67) is

**GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** in its entirety; and it

is further

**ORDERED** that the Clerk shall enter judgment accordingly and close the file.

Dated: May 6, 2009
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

11